IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

**In re Gillian Tracy Stupples**  Docket: 24-14367

Chapter 7

Wellspointe Group, LLC
Plaintiff

    v.

Gillian Tracy Stupples
Defendant

**COMPLAINT FOR DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727**

1. This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking denial of discharge under Section 727 of the United States Bankruptcy Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 727.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**PARTIES**

4. The Plaintiff is Wellspointe Group, LLC, a Pennsylvania Limited Liability Company.

5. The Defendant, Gillian Tracy Stupples is the Debtor in this case.

**BACKGROUND**

6. The debtor's bankruptcy case was filed under Chapter 7 on December 6, 2024. Debtor filed only the petition, social security statement and matrix to commence her case. The Debtor subsequently filed the remainder of the required schedules and statement on or about December 20, 2024. There have been no amendments to the schedules.

7. The Plaintiff and the Debtor had a landlord-tenant relationship, with the Plaintiff as the commercial landlord and the Debtor as the commercial tenant.

8. As was set forth in a Complaint filed in the Court of Common Pleas of Chester County, Pennsylvania, (<u>Wellpointe Group, LLC v. Gillian Tracy Stupples</u>, docket 2022-08063-CT)  The Court entered a judgment in favor of the Plaintiff and against the Debtor/Defendant in excess of $110,000.00. This bankruptcy case was filed shortly after the Sheriff of Chester County levied upon the Debtor's property to execute on that judgment.

9. Debtor has knowingly and intentionally concealed or omitted material information from the Court in her bankruptcy filings. This concealment was done with the deliberate intent to deceive the Court by hiding assets, income, and her history of fraudulent conduct, as well as to conceal her bankruptcy case from the individuals and entities she has defrauded.

10. The information Debtor intentionally omitted from her bankruptcy schedules includes, but is not limited to, income, assets, financial records, transactions, and creditor claims, thereby rendering her schedules inaccurate and incomplete.

11. The Debtor is represented by an experienced and highly skilled attorney. Given the attorney's expertise, it is unlikely that the omissions and misrepresentations set forth herein were the result of any negligence or malfeasance by the attorney. Rather, it appears that the Debtor knowingly and intentionally provided false or incomplete information.

12. The Debtor is not an honest debtor.

13.  Upon information and belief, the Plaintiff alleges that the Debtor has engaged in the intentional concealment, destruction, mutilation, falsification, or failure to maintain or preserve recorded information, including but not limited to books, documents, records, and papers, that are relevant to the Debtor's financial condition or business transactions.

14. The debtor's actions have caused harm to creditors, hindered the administration of the estate, or undermined the integrity of the bankruptcy process.

15. The Debtor's Bankruptcy Schedules and Statements include false and fraudulent statements.

### The Debtor Made False Statements in Her Bankruptcy Petition

16. The preceding is repeated here as if set forth at length.

17. In her Voluntary Petition the Debtor falsely denied:

    a. At Question 11 that she rented her residence; and

    b. At Question 12, the Debtor falsely denied being a sole proprietor of a business, known as GTS Show Jumping and while stating in Schedule I that she is "self-employed" without further elaboration requested by that schedule.

### The Debtor Made False Oaths in Her Bankruptcy Statements: Omission of Business Entities that are Owned by the Debtor

18. The preceding is repeated here as if set forth at length.

19. In Schedule A/B at line 19 the Debtor deliberately omitted any mention of her ownership her company, Potten End LLC (LLC).

20. Debtor's LLC was organized and registered by the Debtor on June 8, 2024. See attached.

21. The registered address for the LLC is the same address listed by the Debtor in her schedules as her residence. Upon information and belief Debtor's LLC is an entity through which the Debtor purchases, trains, markets and sells horses.

22. Upon information and belief Debtor's LLC owns, trains and uses horses including but not limited to horses named or referred to as Potten End Eye Spy, Potten End Piccadilly, Potten End Marks and Spencer, Potten End Begonia, Kiki, Potten End In a Pickle, Potten End Bangers and Mash aka Potato, and Harrie.

23. Upon information and belief, the Debtor's Schedule I and Statement of Financial Affairs omits any disclosure of income earned by the LLC

24. Upon information and belief, the Debtor's Schedule A/B omits disclosure of her ownership interest in Turning Point Designs, an unincorporated business entity owned and operated by the Debtor.

25. Upon information and belief, the Debtor's Schedule I and Statement of Financial Affairs omits disclosure of income earned by the Debtor in Turning Point Designs.

26. Debtor engages in the sale and marketing of various items trading as Turning Point Designs. The inventory offered for sale to the public but are not limited to:

    a. Apparel (hats, bonnets)

    b. Home decor and gift items ("cute hostess gifts")

    c. Equestrian accessories (custom fly bonnets, single layer pommel pads, "Devon" horse show milk can)

    d. Jewelry and accessories (jewelry dishes, number pins)"

27. Debtor intentionally omitted listing Turning Point Designs as a business owned as a sole proprietor in her Statement of Financial Affairs.

### The Debtor Made False Oaths in Her Bankruptcy Statements: Omission of Assets Owned by the Debtor

28. The preceding is repeated here as if set forth at length.

29. Upon information and belief, the Debtor failed to disclose in Schedule A/B of her bankruptcy petition her ownership interest in extremely valuable assets, including but not limited to horse tack equipment (including a saddle 17.5 CWD SEO2 3C 2014 in excellent condition) and other items as detailed in the attached schedule.

## The Debtor Made False Oaths in Her Bankruptcy Statements: Material Misrepresentations

30. The preceding is repeated here as if set forth at length.

31. In Schedule G, the Debtor misrepresents the nature of her lease. Contrary to her disclosure, Plaintiffs believe and therefore aver that the Debtor's lease encompasses not only her residence but also an entire horse farm facility, including a show ring, stables, and fields.

32. In Schedule I, the Debtor failed to provide a complete and accurate disclosure of her income. Despite being required to report all business income, the Debtor only noted a loss without providing any details of her business activities. Furthermore, she omitted income from the LLC and Turning Point. Contrary to the instructions in Schedule I, the Debtor failed to report her gross income and did not include a schedule of business income and expenses as required.

33. The Plaintiff believes and therefore avers that in Form 107 at Part 2 the Debtor falsely stated her **gross income** for 2024 ($-14,393.99), 2023 ($-0-) and 202 ($-0). As is clear from the form, "gross income" cannot be negative.

34. The Plaintiff failed to disclose her ownership interest in the LLC and in Turning Point in Form 107.

35. The Plaintiff failed to disclose in her Statement of Financial Affairs that she was subject to a levy, requested by the Plaintiff in this matter on a judgment entered against the Debtor in the Court of Common Pleas of Chester County, Pennsylvania. The levy was made on the Debtor's property by the Sheriff of Chester County, Pennsylvania immediately prior to filing her Chapter 7 case.

## The Debtor Made False Oaths in Her Bankruptcy Statements: Material Misrepresentations and Omissions – Concealing Creditors and Fraudulent Activity

36. The preceding is repeated here as if set forth at length.

37. The Debtor failed to disclose in her Schedule of Financial Affairs that:

    a. She was a defendant in the matter of <u>Shannon Eckel trading as Hat Trick Sport Horses v. Gillian Tracy Stupples,</u> Court of Common Pleas of Aiken County, South Carolina, Docket No. 2024CP201851;

    b. She was served with a Summons and Complaint in that matter on August 7, 2024; and

    c. An Affidavit of Default was filed against her in October 2024.

    d. The Plaintiff alleged in the <u>Eckel</u> matter the Debtor misappropriated and converted to her own use $35,000 in proceeds from the sale of a horse that the Debtor was entrusted to sell on behalf of the Plaintiff. According to the Complaint filed in that matter, this occurred in 2023.

    e. The Plaintiff claimed punitive and actual damages of $74,900 due from the Debtor.

38. Notwithstanding that the Debtor was personally served with the Complaint and Summons the Debtor failed to list Shannon Eckel as a creditor in Schedule E/F.

39. The Debtor intentionally failed to disclose the $35,000 of proceeds from the sale of the Eckel horse in Part 2, Line 4 of her Statement of Financial Affairs for the period January 1 to December 31, 2023 as the Debtor listed "$0" in gross income for that period.

40. The Debtor also intentionally failed to disclose in her Schedule of Financial Affairs that that she was a defendant in the matter of <u>Kimberly Portanova-Feibus v. Gillian Stupples/GTS Show Jumping docket</u> MJ-45301-CV-0000043-2024 for which judgment was entered against her on

April 18, 2024. In addition, the Debtor failed to list the Plaintiff in that matter as a creditor in Schedule E/F.

41. The Debtor also intentionally failed to disclose in her Schedule of Financial Affairs that that she was a defendant in the matter of <u>Peter Hicks v. Gillian Stupples</u>, docket MJ-15304-CV-0000046-2023 for which judgment was entered against her on August 22, 2023 in the amount of $2,577.58. In addition, the Debtor failed to list the Plaintiff in that matter as a creditor in Schedule E/F.

42. Upon information and belief, the Debtor intentionally failed to disclose the above-noted creditors in her bankruptcy schedules with the purpose of diminishing the likelihood that they would:

    a. Receive notice of the bankruptcy case;
    b. File claims against the estate; and
    c. Challenge the Debtor's eligibility for a discharge.

## Count I – Request for Denial of Discharge

43. The preceding is repeated here as if set forth at length.

44. The Debtor's misstatements and misrepresentations demonstrate a deliberate and systemic pattern of dishonesty rather than the occurrence of isolated innocent errors or inadvertent inconsistencies. This conduct evinces a reckless disregard for the truth and constitutes knowing and fraudulent behavior.

45. False oaths that rise to the level of "knowingly and fraudulently" include a false statement or omission in the debtor's schedules, which are all present in this matter.

46. A false oath may involve a false statement or omission in the debtor's schedules.

47. One false oath is sufficient to warrant a denial of discharge under 11 USC § 727.

48. A pattern of misleading conduct can also sustain an objection to the debtor's discharge.

49. A debtor's "reckless indifference to the truth . . . 'has consistently been treated as the functional equivalent of fraud.'"

50. Pursuant to Section 727(a) of the Bankruptcy Code, this Court should deny Defendant's discharge on account of the false oaths, intentional omissions, fraudulent statements, intentional omission of known creditors, and failure to disclose income and assets in her schedules.

51. This Court should further order that Defendant is not entitled to the benefits of discharge under Section 727(b) of the Bankruptcy Code.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

1. Deny Defendant's discharge pursuant to Section 727(a) of the Bankruptcy Code.
2. Enter judgment in favor of Plaintiff and against Defendant.
3. Award costs and fees to Plaintiff.

Respectfully,

/s/ Richard N Lipow
RICHARD N LIPOW
ATTORNEY FOR THE PLAINTIFF
43 STONEHEDGE DR
GLENMOORE PA 19343
610-251-2500



**COMMONWEALTH OF PENNSYLVANIA**
*Department of State*
*Bureau of Corporations and Charitable Organizations*
PO Box 8722
Harrisburg, Pennsylvania 17105-8722
**CERTIFICATE OF ORGANIZATION - LIMITED LIABILITY COMPANY**
Fee: $125

**Pennsylvania Department of State**

**-FILED-**

File #: 0013872135
Date Filed: 6/8/2024

---

## DSCB:15-8821 (rev. 2/2017)

In compliance with the requirements of 15 Pa.C.S. § 8821 relating to certificate of organization), the undersigned desiring to organize a limited liability company, hereby certifies that:

**Limited Liability Company Type**

| Filing type | Domestic Limited Liability Company |
| Limited liability company subtype | Limited Liability Company |

**Limited Liability Company Name**

| Entity name | Potten End LLC |

**Effective Date**

The filing shall be effective when filed with the Department of State

**Registered Office**

The address of this limited liability company's proposed registered office in this Commonwealth is

557 STREET RD
COCHRANVILLE, PA 19330

CHESTER

**Organizers**

| Name of individual or organization | Address |
| --- | --- |
| Gillian Tracy Stupples | 557 STREET RD<br>COCHRANVILLE, PA 19330 |

**Additional provisions, if any**

Additional provisions

**Electronic Signature**

IN TESTIMONY WHEREOF, the organizer(s) has (have) executed this Certificate of Organization.

*Gillian Tracy Stupples*                         *06/08/2024*
Gillian Tracy Stupples                            Date

Page 1 of 1

# Assets Known

1 Pony – Brown and white, named "Potten End Begonia", mare/female, 12.1 Hands approximately, approximately 4 yrs old, with associated saddle, bridle, girth and halter

1 Pony – White/light gray, named "Potten End in a Pickle…pickels", Male/Gelding, 13 Hands approximately, approximately 6 yrs old, With associated saddle, bridle, girth and halter

1 Miniature horse "Benny", brown and white, with blanket and halter

1 miniature pony "Harry" brown and white, with blanket, halter, bridle

1 Pony-Brown and White, light colored mane and tail, named "Potten End Marks & Spencer" with halter and blanket

1 Pony – Gray with black mane and tail, with halter and blanket

1 pony – named "Potten End Poppy" with halter and blanket

1 pony – named Potten End bangers and mash", 6yr old, 14.2 hands, brown with 3 black sox, one white, with halter, bridle and blanket

1 Pig gray/Black

1 Voltaire Saddle, Brown, Palm Beach model, size 17.5, new only used a few times (tack rook/storage area/barn/house)

Jumps (pairs of standards) in riding area

- 3 Green Jump
- 1 Green and Brown Jump
- 4 White Jumps
- 2 Brick Jumps
- 1 yellow jump
- Assorted Flower Boxes for jumps
- Assorted wreaths and fake bushes and fake grass items
- Assorted jump cups to hold rails to jumps
- Approx. 30 jump rails/poles, white, brown, purple, yellow, striped, green, etc. approximately 8-10ft long
- Green jump gates
- White jump gates
- Red and White Gates
- Purple gate/rail

10 assorted brown leather bridles (tack room/storage area/barn)

Approximately 20 Assorted horse bits of varying shapes and sizes (Tack room/storage area/barn)

Approximately 15 Assorted Horse Blankets brown/black/white plaid and other varying sizes, colors and pattens (tack room/storage area/barn)

10  royal blue buckets

1 Canadian Flag

1 British Flag

1 mounting block

1 Purple and white sign "GTS Shown Jumping"