IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re Gillian Tracy Stupples    Case: 24-14367-AMC

    Adv Pro Docket: 25-103

    Chapter 7

Wellspointe Group, LLC
Plaintiff

    v.

Gillian Tracy Stupples
Defendant

PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Findings of Fact

On July 28, 2025, this Court entered an Order compelling Defendant, Gillian Tracy Stupples, to provide full and complete responses to Plaintiff's Requests for Production of Documents and provide responsive answers to interrogatories accompanying Request for Admissions within twenty-one (21) days.

1. Defendant acknowledged the Court's Order in correspondence to Plaintiff's counsel but stated that she would comply for documents not in her possession or those that are "difficult to obtain due to my housing situation, lack of consistent internet access, and limited resources, I will provide them if and when I am able." Ex. A.

2. The Defendant now resides in a she now resides and operates her business at a horse farm in Chesapeake, Maryland—an expansive 94-acre property with rolling fields and numerous block and brick barns containing a total of 67 horse stalls.

3. Defendant failed to produce the required discovery, including but not limited to:

    a. Tax returns and transcripts for the four years preceding her bankruptcy filing.

    b. Bank statements, check registers, and deposit slips for the relevant four-year period.

    c. Contracts, leases, and business records previously acknowledged as in her possession.

    d. The content of a Instagram account.

    e. Complete telephone records as ordered by this Court and,

    f. Failed to provide responsive answers to interrogatories accompanying Request for Admissions.

4. Defendant instead produced fabricated or incomplete documents, including only two tax returns reporting zero income that are irreconcilable with her sworn Statement of Financial Affairs, which admits annual gross income exceeding $130,000 for the years coinciding with the tax returns.

5. Defendant deliberately destroyed potentially relevant evidence by removing her business Facebook page shortly after being served with the Complaint.

6. Defendant has a history of discovery abuses in other litigation, where monetary sanctions failed to secure compliance.

7. Defendant's failure to comply with the Court's July 28, 2025, Order was willful, deliberate, and in bad faith.

8. Plaintiff has been substantially prejudiced by Defendant's noncompliance, including delay, increased expense, and the inability to obtain discovery critical to prosecuting its claims.

## Conclusions of Law

Under Federal Rule of Civil Procedure 37(b)(2)(A), incorporated by Bankruptcy Rule 7037, this Court may impose sanctions, including entry of default judgment, against a party who fails to obey a discovery order. Courts also possess inherent authority to sanction parties for bad-faith litigation conduct and contempt of court orders. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

In determining whether dismissal or default is appropriate, the Third Circuit requires consideration of six factors outlined in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Each of the Poulis factors weighs in favor of default judgment:

1. Defendant is personally responsible for the misconduct;
2. Plaintiff has suffered substantial prejudice;
3. Defendant has a demonstrated history of dilatoriness;
4. Defendant's conduct is willful and in bad faith;
5. Lesser sanctions have proven ineffective; and
6. Plaintiff's claims are meritorious.

Defendant's failure to comply with this Court's Order constitutes contempt and warrants the sanction of default judgment. See *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148–49 (3d Cir.

1990); *Meridian Bank v. Alten,* 958 F.2d 1226, 1232–33 (3d Cir. 1992); *In re Spitko*, 357 B.R. 272, 312–13 (Bankr. E.D. Pa. 2006).

                                                Respectfully submitted,

                                                /s/ Richard N. Lipow
                                                RICHARD N. LIPOW, ESQUIRE
                                                Attorney for Plaintiff